IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINNIE MCKNIGHT, JACQUELINE GARRISON, and ADRIANA DE LEÓN, individually and on behalf of similarly situated individuals,<br><br>    *Plaintiffs*,<br><br>    v.<br><br>UNITED AIRLINES, INC., a Delaware corporation, and UNITED AIRLINES HOLDINGS, INC., a Delaware corporation,<br><br>    *Defendants*. | Case No. 1:23-cv-16118<br><br>Hon. Sharon J. Coleman |

## FIRST AMENDED CLASS ACTION COMPLAINT

Plaintiffs, Ginnie McKnight, Jacqueline Garrison, and Adriana De León ("Plaintiffs"), individually and on behalf of other similarly situated individuals, bring this First Amended Class Action Complaint against Defendants United Airlines, Inc. and United Airlines Holdings, Inc. (collectively "United" or "Defendants") for their violations of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq*. ("GIPA"), and to obtain redress for persons injured by their conduct. Plaintiffs allege the following based on personal knowledge as to Plaintiffs' own experiences, and as to all other matters, upon information and belief, including an investigation conducted by Plaintiffs' attorneys.

### INTRODUCTION

1. This case concerns the misuse of individuals' genetic information in Illinois by operators of an international commercial airline. As a condition of employment, Defendants require potential employees to undergo a rigorous application process, including phone

1

conversations with United Airlines' recruiters and physical exams, during which genetic information in the form of their family medical history is requested.

2.  Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

> (1) solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;
>
> (2) Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;
>
> (3) Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and
>
> (4) Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.
>
> 410 ILCS 513/25(c)

3.  GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a

2

disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual.[1]

4. Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

5. In requiring prospective employees, such as Plaintiffs, to disclose their family medical histories, Defendants have violated Plaintiffs' and the other putative Class members' statutory right to genetic privacy.

6. In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

7. GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information without one's consent.

8. Despite GIPA's prohibition against soliciting family medical information concerning familial diseases and disorders, Defendants continue to request that their employees and prospective employees provide protected familial medical history in violation of GIPA.

9. Plaintiffs bring this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiffs' Illinois genetic privacy rights.

---

[1] 410 ILCS 513/10, by reference to 45 C.F.R. § 160.103.

10. On Plaintiffs' own behalf, and on behalf of the proposed Class defined below, Plaintiffs seek an injunction requiring Defendants to comply with GIPA, as well as an award of statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

## PARTIES

11. Defendant United Airlines, Inc. is a Delaware corporation that conducts substantial business throughout Illinois and is registered with the Illinois Secretary of State to transact business in Illinois. Defendant United Airlines, Inc. is headquartered in Chicago, Illinois.

12. Defendant United Airlines Holdings, Inc. is a Delaware corporation that conducts substantial business throughout Illinois and is registered with the Illinois Secretary of State to transact business in Illinois. Defendant United Airlines Holdings, Inc. is headquartered in Chicago, Illinois.

13. Plaintiff Ginnie McKnight is a natural person and resident of Maryland.

14. Plaintiff Jacqueline Garrison is a natural person and resident of Illinois.

15. Plaintiff Adriana De León is a natural person and resident of Illinois.

## JURISDICTION AND VENUE

16. This Court may assert subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) *et seq.*, because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendants; and none of the exceptions under subsection 1332(d) apply.

17. This Court may assert personal jurisdiction over Defendants, because Defendants are knowingly doing business within this State, are headquartered in this State, and knowingly

4

transact business within this State such that they have sufficient minimum contacts with Illinois and/or have purposely availed themselves of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendants, and because Plaintiffs' claims arise out of Defendants' unlawful in-state actions when Defendants directly or indirectly solicited, requested, required, or purchased genetic information of their job applicants as a condition of applicants' employment or preemployment application in Illinois, including Plaintiffs'.

## COMMON FACTUAL ALLEGATIONS

18. The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives, to discover their genetic predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

19. These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022.[2] Despite the benefits to science and health care that could be gained from increased access to genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996.[3]

20. As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns

---

[2] https://www.genome.gov/about-genomics/fact-sheets/DNA-Sequencing-Costs-Data
[3] Board on Biology National Research Council. *Privacy Issues in Biomedical and Clinical Research: Proceedings of Forum on November 1, 1997* (Washington D.C., National Academy Press, 1997) 1.

related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

21. In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment.

22. Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(1).

23. GIPA defines an employer, in relevant part, as "every [] person employing employees within the state."

24. Defendants are each an "employer" as defined by GIPA.

25. Defendants operate a major airline known as United Airlines. They form one of the largest airline companies in the airline industry, operating a global fleet of aircraft. Defendants employ thousands of individuals across the nation, including in Illinois, and upon information and belief they recruit their employees nationwide from their headquarters in Chicago, Illinois.

26. As part of their hiring process, Defendants require their prospective employees to undergo an application process and physical exams during which various medical questions are asked.

27. Defendants' medical questions include the solicitation of information regarding the manifestation of diseases in family members of the prospective employee.

28. In addition to the above statutorily prohibited conduct, Defendants did not inform Plaintiffs or the Class of their right not to answer any questions regarding their genetic information.

29. Defendants thus violated GIPA by soliciting and obtaining Plaintiffs' and the Class's genetic information as a precondition of employment or as part of their preemployment application.

## FACTS SPECIFIC TO PLAINTIFF MCKNIGHT

30. In or around May of 2022, Plaintiff Ginnie McKnight applied for a job with Defendants as a Ramp Service Employee in Dulles, Virginia.

31. During the application process, Plaintiff McKnight communicated directly with Defendants' United Airlines Talent Acquisition Team located in Chicago, Illinois.

32. As part of the application and hiring process, and as a precondition of employment, Defendants required Plaintiff McKnight to submit to at least three different physical examinations.

33. During the examinations, Defendants required Plaintiff McKnight to answer questions concerning her family medical history, *i.e.* the manifestation of diseases or disorders in her family members. Such questions included whether Plaintiff' McKnight s family members had a history of high blood pressure, cancer, diabetes, heart disease, and other medical conditions.

34. In response, Plaintiff McKnight disclosed her genetic information, including diseases and disorders with which her family members have been diagnosed.

35. After successful completion of the required physical testing and examinations, Plaintiff McKnight began getting phone calls and messages from United Airlines recruiters located in Chicago, Illinois and was required to further disclose and verify her family medical history.

36. After Plaintiff McKnight refused to provide the requested detail regarding such sensitive information due to privacy concerns, one of Defendants' Talent Acquisition recruiters

from Chicago, Illinois, Gehad Shanab, in an email dated June 24, 2022, rescinded Plaintiff McKnight's conditional job offer for being "non-responsive" to Defendants' inquiries.

37. Thus, Plaintiff McKnight's sensitive genetic information was solicited by Defendants from Chicago, Illinois, as a condition of employment.

38. Plaintiff McKnight was not advised by Defendants or anyone else acting on behalf of Defendants, either verbally or in writing, to not disclose the solicited genetic information. Nor did Plaintiff provide her genetic information in furtherance of a workplace wellness program.

39. By requiring Plaintiff McKnight to answer questions about her family medical history, Defendants directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose her genetic information in violation of GIPA.

## FACTS SPECIFIC TO PLAINTIFF GARRISON

40. In or around June of 2022, Plaintiff Jacqueline Garrison applied for a job with Defendants as a Ramp Service Employee in Chicago, Illinois.

41. During the application process, Plaintiff Garrison communicated directly with Defendants' United Airlines Talent Acquisition Team located in Chicago, Illinois.

42. As part of the application and hiring process, and as a precondition of employment, Defendants required Plaintiff Garrison to submit to a physical examination in Chicago, Illinois.

43. During the examination, Defendants required Plaintiff Garrison to answer questions concerning her family medical history, *i.e.* the manifestation of diseases or disorders in her family members. Such questions included whether Plaintiff Garrison's family members had a history of cancer, heart disease, and other medical conditions.

8

44. In response, Plaintiff Garrison disclosed her genetic information, including diseases and disorders with which her family members have been diagnosed. Plaintiff's answers were documented and collected in Illinois.

45. Defendants then used this genetic information, and denied Plaintiff Garrison employment.

46. Thus, Plaintiff Garrison's sensitive genetic information was solicited by Defendants as a condition of her employment.

47. Plaintiff Garrison was not advised by Defendants or anyone else acting on behalf of Defendants, either verbally or in writing, to not disclose the solicited genetic information. Nor did Plaintiff provide her genetic information in furtherance of a workplace wellness program.

48. By requiring Plaintiff Garrison to answer questions about her family medical history, Defendants directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose her genetic information in violation of GIPA.

### FACTS SPECIFIC TO PLAINTIFF DE LEÓN

49. In or around October of 2021, Plaintiff Adriana De León applied for a job with Defendants and was hired for a position in Operations in Chicago, Illinois.

50. As part of the application and hiring process, as a precondition of employment, and in connection with Defendants' mandatory physical examination, Plaintiff De León was asked to answer questions concerning her family medical history, *i.e.* the manifestation of diseases or disorders in her family members.

51. In response, Plaintiff De León disclosed her genetic information, including diseases and disorders with which her family members have been diagnosed. Plaintiff's answers were documented and collected in Illinois.

52. Thus, Plaintiff De León's sensitive genetic information was solicited by Defendants and obtained by Defendants as a condition of her employment.

53. Plaintiff De León was not advised by Defendants or anyone else acting on behalf of Defendants, either verbally or in writing, to not disclose the solicited genetic information. Nor did Plaintiff De León provide her genetic information in furtherance of a workplace wellness program.

54. By requiring Plaintiff De León to answer questions about her family medical history, Defendants directly or indirectly solicited, requested, purchased and/or required Plaintiff De León to disclose her genetic information in violation of GIPA.

## CLASS ACTION ALLEGATIONS

55. Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiffs bring this action on their own behalf and on behalf of a class (the "Class") and a subclass (the "Subclass") defined as follows:

> The Class: All individuals who applied for employment with Defendants and from whom an employee or an agent of Defendants located in Illinois have requested and/or obtained family medical history or other genetic information according to Defendants' records within the applicable limitations period.
>
> Subclass: All individuals who, while in Illinois, applied for employment with Defendants and from whom Defendants, or an agent acting on behalf of Defendants, have requested and/or obtained family medical history or other genetic information according to Defendants' records within the applicable limitations period.

56. Excluded from the Class and Subclass are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

57. Upon information and belief, there are thousands of members of the Class and Subclass, making the members of the Class and Subclass so numerous that joinder of all members is impracticable. Although the exact number of members of the Class and Subclass is currently unknown to Plaintiffs, the members can be easily identified through Defendants' records.

58. Plaintiffs' claims are typical of the claims of the members of the Class and Subclass Plaintiffs seek to represent, because the factual and legal bases of Defendants' liability to Plaintiffs and the other members of the Class and Subclass are the same, and because Defendants' conduct has resulted in similar violations to Plaintiffs and to the Class and Subclass. As alleged herein, Plaintiffs and the Class and Subclass have all been aggrieved by Defendants' GIPA violations.

59. There are many questions of law and fact common to the claims of Plaintiffs and the Class and Subclass, and those questions predominate over any questions that may affect individual members. Common questions for the Class and Subclass include, but are not limited to, the following:

    a. Whether Defendants' conduct is subject to GIPA;

    b. Whether Defendants directly or indirectly solicited Plaintiffs' and the other Class and Subclass members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(1);

    c. Whether Defendants' violations of GIPA were negligent;

    d. Whether Defendants' violations of GIPA were reckless or intentional; and

    e. Whether Plaintiffs and the Class and Subclass are entitled to damages and injunctive relief.

60. Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

61. Plaintiffs will adequately represent and protect the interests of the members of the Class and Subclass. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass and have the financial resources to do so. Neither Plaintiffs nor Plaintiffs' counsel have any interest adverse to those of the other members of the Class and Subclass.

62. Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

### COUNT I
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***
**(On behalf of Plaintiffs and the Class and Subclass)**

63. Plaintiffs incorporates the foregoing allegations as if fully set forth herein.

64. Defendants are companies that employ individuals within the state of Illinois and therefore meet the definition of an "employer" under GIPA. 410 ILCS 513/10.

65. GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

66. Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of employment or as part of any preemployment application. 410 ILCS 513/25(c)(1).

67. As a precondition of their employment with Defendants, Plaintiffs and the Class and Subclass were required to undergo a rigorous application process, including telephonic conversations and/or physical exams, during which Defendants required them to answer questions regarding their family medical history, *i.e.* the manifestation of a disease or disorder in family members. In other words, Defendants directly or indirectly solicited, requested, purchased and required Plaintiffs and the members of the Class and Subclass to disclose their genetic information.

68. Defendants' practice of requiring prospective employees to provide such genetic information originated at Defendants' headquarters in Illinois, and Defendants further collected and aggregated such genetic information in Illinois.

69. Plaintiffs and the Class and Subclass also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender to Defendants as part of their employment applications.

70. The information obtained from Plaintiffs and the Class and Subclass by Defendants is the type of information protected by GIPA. 410 ILCS 513/10.

71. Defendants failed to advise Plaintiffs and the other Class and Subclass members, either verbally or in writing, of their statutorily protected right under GIPA to not provide their family medical history or genetic information.

72. Plaintiffs and the other Class and Subclass members have been aggrieved by Defendants' above violations of their statutorily protected rights to privacy in their genetic information as set forth inGIPA.

73. GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

74. Defendants' violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with GIPA.

75. Accordingly, Plaintiffs, individually and on behalf of the proposed Class, pray for the relief set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs Ginnie McKnight, Jacqueline Garrison and Adriana De León, individually and on behalf of the proposed Class, respectfully request that this Court enter an Order:

a. Certifying the Class and Subclass as defined above, appointing Plaintiffs as class representatives, and appointing Plaintiffs' counsel as class counsel;

b. Declaring that Defendants' actions, as set forth herein, violate GIPA;

c. Awarding injunctive and equitable relief as necessary to protect the interests of Plaintiffs and the Class and Subclass by requiring Defendants to comply with GIPA;

d. Awarding statutory damages of $15,000 for each reckless or intentional violation of GIPA pursuant to 410 ILCS 513/40(a)(3);

e. Awarding statutory damages of $2,500 for each negligent violation of GIPA pursuant to 410 ILCS 513/40(a)(3);

f. Awarding reasonable attorneys' fees, costs, and other litigation expenses pursuant to 410 ILCS 513/40(a)(3);

g. Awarding pre- and post-judgment interest, as allowable by law; and

h. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiffs request trial by jury of all claims that can be so tried.

Dated: January 8, 2024

Respectfully submitted,

GINNIE MCKNIGHT, JACQUELINE GARRISON and ADRIANA DE LEÓN, individually and on behalf of similarly situated individuals,

By: /s/ Andrew T. Heldut
*One of Plaintiffs' Attorneys*

Timothy P. Kingsbury
Andrew T. Heldut
Colin P. Buscarini
Joseph Dunklin
MCGUIRE LAW, P.C.
55 W. Wacker Drive, 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
tkingsbury@mcgpc.com
aheldut@mcgpc.com
cbuscarini@mcgpc.com
jdunklin@mcgpc.com

*Attorneys for Plaintiffs and the Putative Class*