IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINNIE MCKNIGHT, JACQUELINE GARRISON, and ADRIANA DE LEÓN, individually and on behalf of all similarly situated individuals,<br><br>          Plaintiffs,<br><br>          v.<br><br>UNITED AIRLINES, INC. and UNITED AIRLINES HOLDINGS, INC.,<br><br>          Defendants. | Case No. 1:23-cv-16118<br><br>Honorable Judge Sharon Johnson Coleman<br><br>Magistrate Judge Jeffrey T. Gilbert |

**DEFENDANTS' RULE 12(B)(6) MOTION TO DISMISS
PLAINTIFFS' FIRST AMENDED COMPLAINT WITH PREJUDICE**

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants United Airlines, Inc. and United Airlines Holdings, Inc. (jointly "Defendants" or "United") respectfully move this Court for an Order dismissing Plaintiffs' First Amended Complaint with prejudice, and in support thereof state the following:

(1) Plaintiffs' claims under Illinois's Genetic Information Privacy Act ("GIPA," 410 ILCS 513/1 *et seq*) should be dismissed for failure to state a claim under Rule 12(b)(6).

(2) In further support of their motion, Defendants incorporate the Memorandum of Law filed contemporaneously herewith.

(3) Plaintiffs fail to state a plausible claim for relief. First, they do not and cannot establish either that Defendants solicited or Plaintiffs provided genetic information protected under GIPA. Second, even if, assuming arguendo, Plaintiffs proffered genetic information (which Defendants staunchly deny), Plaintiffs offer only the conclusion, without any supporting

308052717v.1

facts, that their employment opportunities were conditioned on the provision of family medical history and that Defendants improperly "used" genetic information. Third, Defendants' alleged pre-employment examinations were lawful, appropriate, and necessary to determine Plaintiffs' fitness for their respective roles in compliance with various federal laws. Fourth, Plaintiff McKnight's claims are not extraterritorially protected by GIPA, and do not substantially arise out of events that occurred in Illinois. Finally, Plaintiffs' claims of reckless or intentional violations of GIPA should be dismissed because Plaintiffs offer only conclusory statements regarding Defendant's state of mind, which is the crux of a claim of a reckless and intentional violation.

(4) In an attempt to evade these fatal flaws, Plaintiffs merely parrot the statute, offering sweeping conclusory statements regarding alleged violations by Defendants. This is insufficient. As such, Plaintiffs' claims fail as a matter of law.

WHEREFORE, Defendants respectfully request that the Court grant their motion and enter an Order dismissing Plaintiffs' First Amended Complaint with prejudice and granting such other relief as the Court deems appropriate.

**DATED: February 9, 2024**

Respectfully submitted,

United Airlines, Inc. and
United Airlines Holdings, Inc.

By: */s/ Ada W. Dolph*
    One of Their Attorneys

Ada W. Dolph
adolph@seyfarth.com
Danielle M. Kays
dkays@seyfarth.com
Ala Salameh
asalameh@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois 60606-6448
Telephone:   (312) 460-5000
Facsimile:   (312) 460-7000

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with the Court's electronic case filing system (ECF) on February 9, 2024, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

<em>/s/ Ada Dolph</em>_____

308052717v.1