**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GINNIE MCKNIGHT, JACQUELINE GARRISON, and ADRIANA DE LEÓN, individually and on behalf of all similarly situated individuals,<br><br>        Plaintiffs,<br><br>        v.<br><br>UNITED AIRLINES, INC. and UNITED AIRLINES HOLDINGS, INC.,<br><br>        Defendants. | Case No. 1:23-cv-16118<br><br>Honorable Judge Sharon Johnson Coleman<br><br>Magistrate Judge Jeffrey T. Gilbert |

## <u>DEFENDANTS' ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT</u>

Defendants, UNITED AIRLINES, INC. ("United") and UNITED AIRLINES HOLDINGS, INC. ("UAH") (jointly, "Defendants"), by and through their attorneys, Seyfarth Shaw LLP, hereby submit their Answer and Affirmative and Other Defenses to Plaintiffs' First Amended Complaint as follows:

### <u>COMPLAINT ¶1:</u>

This case concerns the misuse of individuals' genetic information in Illinois by operators of an international commercial airline. As a condition of employment, Defendants require potential employees to undergo a rigorous application process, including phone conversations with United Airlines' recruiters and physical exams, during which genetic information in the form of their family medical history is requested.

### <u>ANSWER:</u>

Defendants deny all allegations contained in Paragraph 1 of the First Amended Complaint.

### <u>COMPLAINT ¶2:</u>

Having recognized the uniquely private and sensitive nature of genetic information – and the potential for harmful discrimination that such information may encourage among employers – the Illinois General Assembly enacted GIPA in part to regulate employers' use of such genetic

information. In addition to its baseline protections of individuals' genetic information, GIPA specifically provides that an employer, employment agency, labor organization, or licensing agency shall not directly or indirectly do any of the following:

(1)    solicit, request, require or purchase genetic testing or genetic information of a person or family member of the person, or administer a genetic test to a person or a family member of the person as a condition of employment, preemployment application, labor organization membership, or licensure;

(2)    Affect the terms, conditions, or privileges of employment, preemployment application, labor organization membership, or licensure of any person because of genetic testing or genetic information with respect to the employee or family member, or information about a request for or the receipt of genetic testing by such employee or family member of such employee;

(3)    Limit, segregate, or classify employees in any way that would deprive or tend to deprive any employee of employment opportunities or otherwise adversely affect the status of the employee as an employee because of genetic testing or genetic information with respect to the employee or a family member, or information about a request for, or the receipt of genetic testing or genetic information by such employee or family member of such employee; and

(4)    Retaliate through discharge or in any other manner against any person alleging a violation of this Act or participating in any manner in a proceeding under this Act.

410 ILCS 513/25(c)

**ANSWER:**

Defendants admit that Paragraph 2 contains an accurate recitation of 410 ILCS 513/25(c)(1-4). Defendants deny the remaining allegations contained in Paragraph 2 of the First Amended Complaint.

**COMPLAINT ¶3:**

GIPA defines "genetic information" as information pertaining to: (i) an individual's genetic tests; (ii) the genetic tests of family members of the individual; (iii) the manifestation of a disease or disorder in family members of such individual; or (iv) any request for, or receipt of, genetic services, or participation in clinical research which includes genetic services, by the individual or any family member of the individual. [footnote omitted]

**ANSWER:**

Denied. Answering further, GIPA adopts by reference the definition of "genetic information" as specified in 45 C.F.R. 160.103. Defendants deny the remaining allegations contained in Paragraph 3 of the First Amended Complaint.

**COMPLAINT ¶4:**

Genetic information, including familial health history, is a uniquely private and sensitive form of personal information. The genetic information contained therein reveals a trove of intimate information about that person's health, family, and innate characteristics.

**ANSWER:**

Defendants admit that "genetic information" is a uniquely private and sensitive form of personal information. Defendants deny the remaining allegations contained in Paragraph 4 of the First Amended Complaint.

**COMPLAINT ¶5:**

In requiring prospective employees, such as Plaintiffs, to disclose their family medical histories, Defendants have violated Plaintiffs' and the other putative Class members' statutory right to genetic privacy.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 5 of the First Amended Complaint.

**COMPLAINT ¶6:**

In enacting GIPA, the Illinois Legislature recognized that "[d]espite existing laws, regulations, and professional standards which require or promote voluntary and confidential use of genetic testing information, many members of the public are deterred from seeking genetic testing because of fear that test results will be disclosed without consent in a manner not permitted by law or will be used in a discriminatory manner." *See* 410 ILCS 513/5(2).

**ANSWER:**

Defendants admit that Paragraph 6 contacts an accurate recitation of the substance of 410 ILCS 513/5(2). Defendants deny all remaining allegations in Paragraph 6 of the First Amended Complaint.

**COMPLAINT ¶7:**

GIPA bestows a right to privacy in one's genetic information and a right to prevent the solicitation of, collection, or disclosure of such information without one's consent.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 7 of the First Amended Complaint.

**COMPLAINT ¶8:**

Despite GIPA's prohibition against soliciting family medical information concerning familial diseases and disorders, Defendants continue to request that their employees and prospective employees provide protected familial medical history in violation of GIPA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 8 of the First Amended Complaint.

**COMPLAINT ¶9:**

Plaintiffs brings this action for statutory damages and other remedies as a result of Defendants' conduct in violating Plaintiffs' Illinois genetic privacy rights.

**ANSWER:**

Defendants admit that Plaintiffs seek certain relief. Defendants deny the remaining

allegations contained in Paragraph 9 of the First Amended Complaint.

**COMPLAINT ¶10:**

On Plaintiffs' own behalf, and on behalf of the proposed Class defined below, Plaintiffs seek an injunction requiring Defendants to comply with GIPA, as well as an award of statutory damages under GIPA, to the Class members, together with costs and reasonable attorneys' fees.

**ANSWER:**

Defendants admit that Plaintiffs seek "injunctive and equitable relief," an award of

statutory damages, costs and reasonable attorneys' fees in the Prayer for Relief of the First

Amended Complaint. Defendants deny the remaining allegations contained in Paragraph 10 of the

First Amended Complaint.

**COMPLAINT ¶11:**

Defendant United Airlines, Inc. is a corporation organized under the laws of the state of Delaware that conducts substantial business throughout Illinois and is registered with the Illinois Secretary of State to transact business in Illinois. Defendant United Airlines, Inc. is headquartered in Chicago, Illinois.

**ANSWER:**

Admitted.

**COMPLAINT ¶12:**

Defendant United Airlines Holdings, Inc. is a corporation organized under the laws of the state of Delaware that conducts substantial business throughout Illinois and is registered with the Illinois Secretary of State to transact business in Illinois. Defendant United Airlines Holdings, Inc. is headquartered in Chicago, Illinois.

**ANSWER:**

Defendants admit that United Airlines Holdings, Inc. is a corporation organized under the laws of the state of Delaware and that it is headquartered in Chicago, Illinois and registered with the Illinois Secretary of State. Defendants deny the remaining allegations contained in Paragraph 12 of the First Amended Complaint.

**COMPLAINT ¶13:**

Plaintiff Ginnie McKnight is a natural person and resident of Maryland.

**ANSWER:**

Upon information and belief, admitted.

**COMPLAINT ¶14:**

Plaintiff Jacqueline Garrison is a natural person and resident of Illinois.

**ANSWER:**

Upon information and belief, admitted.

**COMPLAINT ¶15:**

Plaintiff Adriana De León is a natural person and resident of Illinois.

5

**ANSWER:**

Upon information and belief, admitted.

**COMPLAINT ¶16:**

This Court may assert subject matter jurisdiction over this matter pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d) et seq., because this case is a class action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs; there are greater than 100 putative class members; at least one putative class member is a citizen of a state other than Defendants; and none of the exceptions under subsection 1332(d) apply.

**ANSWER:**

Defendants admit that this Court has subject matter jurisdiction over this matter. The

remaining statements contained in Paragraph 16 of the First Amended Complaint are legal

assertions as to which no response is required. To the extent a response is required, the allegations

are denied.

**COMPLAINT ¶17:**

This Court may assert personal jurisdiction over Defendants, because Defendants are knowingly doing business within this State, are headquartered in this State, and knowingly transact business within this State such that they have sufficient minimum contacts with Illinois and/or have purposely availed themselves of Illinois markets to make it reasonable for this Court to exercise jurisdiction over Defendants, and because Plaintiffs' claims arise out of Defendants' unlawful in-state actions when Defendants directly or indirectly solicited, requested, required, or purchased genetic information of their job applicants as a condition of applicants' employment or preemployment application in Illinois, including Plaintiffs'.

**ANSWER:**

Defendants admit that this Court may assert personal jurisdiction in this matter over

Defendant United. Defendants deny the remaining allegations contained in Paragraph 17 of the

First Amended Complaint.

**COMPLAINT ¶18:**

The genomic revolution of recent decades has brought with it great advancements in biological sciences and medicine. Modern genomic technologies allow individuals to gather genealogical information about themselves and their relatives, to discover their genetic predisposition for diseases before any symptoms manifest, and in some cases to prevent and treat such diseases.

**ANSWER:**

The statements contained in Paragraph 18 of the First Amended Complaint are generic allegations and legal arguments that are not specifically directed against Defendants and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 18 of the First Amended Complaint.

**COMPLAINT ¶19:**

These and other benefits of genomic science have coincided with a rapid decline in the cost of genetic testing. Since the turn of the 21st century, the cost of collecting and analyzing a complete individual human genome has fallen from more than $100,000,000 in 2001 to less than $1,000 in 2022. [footnote omitted]  Despite the benefits to science and health care that could be gained from increased access to genetic testing, the Centers for Disease Control expressed counterbalancing concerns related to genetic privacy as early as 1996. [footnote omitted]

**ANSWER:**

The statements contained in Paragraph 19 of the First Amended Complaint are generic allegations and legal arguments that are not specifically directed against Defendants and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 19 of the First Amended Complaint.

**COMPLAINT ¶20:**

As recognized by the CDC and the Illinois Legislature, progress in the field of genomics does not come without risk, and as the benefits and accessibility of genetic testing have grown so too has the potential for abuse and discrimination. To address these and other concerns related to misusing genetic information, Illinois and other states regulate the collection, use, and disclosure of such information.

**ANSWER:**

The statements contained in Paragraph 20 of the First Amended Complaint are generic allegations and legal arguments that are not specifically directed against Defendants and therefore no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 20 of the First Amended Complaint.

**COMPLAINT ¶21:**

In 1998, the Illinois General Assembly enacted the Genetic Information Privacy Act, 410 ILCS 513/1 *et seq.* out of recognition that people's genetic information could be used for discriminatory purposes, one of the most harmful of which would occur in the context of employment.

**ANSWER:**

Defendants admit that in 1998 the Illinois General Assembly enacted GIPA. Defendants deny the remaining allegations in Paragraph 21 of the First Amended Complaint.

**COMPLAINT ¶22:**

Accordingly, GIPA prohibits an employer from directly or indirectly soliciting, requesting, requiring or purchasing the genetic testing or genetic information of a person or family member of a person as a condition of employment, preemployment application, labor organization membership, or licensure. 410 ILCS 513/25(c)(1).

**ANSWER:**

The statements contained in Paragraph 22 of the First Amended Complaint are legal arguments that are not specifically directed against Defendants and therefore no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to cite GIPA, which speaks for itself and is the best evidence of its contents. To the extent that the statements contained in Paragraph 22 of the First Amended Complaint are inconsistent with or mischaracterize the law, Defendants deny those allegations. Defendants deny any remaining allegations contained in Paragraph 22 of the First Amended Complaint.

**COMPLAINT ¶23:**

GIPA defines an employer, in relevant part, as "every [] person employing employees within the state."

**ANSWER:**

The statements contained in Paragraph 23 of the First Amended Complaint are legal arguments that are not specifically directed against Defendants and therefore no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to cite GIPA,

which speaks for itself and is the best evidence of its contents. To the extent that the statements contained in Paragraph 23 of the First Amended Complaint are inconsistent with or mischaracterize the law, Defendants deny those allegations. Defendants deny any remaining allegations contained in Paragraph 23 of the First Amended Complaint. "

**COMPLAINT ¶24:**

Defendants are each an "employer" as defined by GIPA.

**ANSWER:**

Defendants admit that United is an employer as defined by GIPA, but deny that UAH meets this definition, and deny any remaining allegations contained in Paragraph 24 of the First Amended Complaint.

**COMPLAINT ¶25:**

Defendants operate a major airline known as United Airlines. They form one of the largest airline companies in the airline industry, operating a global fleet of aircraft. Defendants employ thousands of individuals across the nation, including in Illinois, and upon information and belief they recruit their employees nationwide from their headquarters in Chicago, Illinois.

**ANSWER:**

Defendants admit that United operates a major airline known as United Airlines, and it is one of the largest airline companies in the airline industry, operating a global fleet of aircraft. Defendants admit that United employs thousands of individuals across the nation, including in Illinois. Defendants deny the remaining allegations contained in Paragraph 25 of the First Amended Complaint.

**COMPLAINT ¶26:**

As part of their hiring process, Defendants require their prospective employees to undergo an application process and physical exams during which various medical questions are asked.

**ANSWER:**

Defendants admit that certain of United's prospective employees undergo examinations and might be asked medical questions depending on the requirements and demands of the position of interest. Defendants deny the remaining allegations contained in Paragraph 26 of the First Amended Complaint.

**COMPLAINT ¶27:**

Defendants' medical questions include the solicitation of information regarding the manifestation of diseases in family members of the prospective employee.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 27 of the First Amended Complaint.

**COMPLAINT ¶28:**

In addition to the above statutorily prohibited conduct, Defendants did not inform Plaintiffs or the Class of their right not to answer any questions regarding their genetic information.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 28 of the First Amended Complaint.

**COMPLAINT ¶29:**

Defendants thus violated GIPA by soliciting and obtaining Plaintiffs' and the Class's genetic information as a precondition of employment or as part of their preemployment application.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 29 of the First Amended Complaint.

**COMPLAINT ¶30:**

In or around May of 2022, Plaintiff Ginnie McKnight applied for a job with Defendants as a Ramp Service Employee in Dulles, Virginia.

**ANSWER:**

Admit that in May 2022, Plaintiff Ginnie McKnight applied for a job with United as a Ramp Service Employee working out of United's Dulles, Virginia location. Defendants deny the remaining allegations contained in Paragraph 30 of the First Amended Complaint.

**COMPLAINT ¶31:**

During the application process, Plaintiff McKnight communicated directly with Defendants' United Airlines Talent Acquisition Team located in Chicago, Illinois.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 31 of the First Amended Complaint.

**COMPLAINT ¶32:**

As part of the application and hiring process, and as a precondition of employment, Defendants required Plaintiff McKnight to submit to at least three physical examinations.

**ANSWER:**

Defendants admit that Plaintiff McKnight underwent certain physical examinations as part of the application process. Defendants deny the remaining allegations contained in Paragraph 32 of the First Amended Complaint.

**COMPLAINT ¶33:**

During the examinations, Defendants required Plaintiff McKnight to answer questions concerning her family medical history, *i.e.* the manifestation of diseases or disorders in her family members. Such questions included whether Plaintiff McKnight's family members had a history of high blood pressure, cancer, diabetes, heart disease, and other medical conditions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 33 of the First Amended Complaint.

**COMPLAINT ¶34:**

In response, Plaintiff McKnight disclosed her genetic information, including diseases and disorders with which her family members have been diagnosed.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 34 of the First Amended Complaint.

**COMPLAINT ¶35:**

After successful completion of the required physical testing and examinations, Plaintiff McKnight began getting phone calls and messages from United Airlines recruiters located in Chicago, Illinois and was required to further disclose and verify her family medical history.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 35 of the First Amended Complaint.

**COMPLAINT ¶36:**

After Plaintiff McKnight refused to provide the requested detail regarding such sensitive information due to privacy concerns, one of Defendants' Talent Acquisition recruiters from Chicago, Illinois, Gehad Shanab, in an email dated June 24, 2022, rescinded Plaintiff McKnight's conditional job offer for being "non-responsive" to Defendants' inquiries.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 36 of the First Amended Complaint.

**COMPLAINT ¶37:**

Thus, Plaintiff McKnight's sensitive genetic information was solicited by Defendants from Chicago, Illinois, as a condition of employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 37 of the First Amended Complaint.

**COMPLAINT ¶38:**

Plaintiff McKnight was not advised by Defendants or anyone else acting on behalf of Defendants, either verbally or in writing, to not disclose the solicited genetic information. Nor did Plaintiff provide her genetic information in furtherance of a workplace wellness program.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 38 of the First Amended Complaint.

**COMPLAINT ¶39:**

By requiring Plaintiff McKnight to answer questions about her family medical history, Defendants directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose her genetic information in violation of GIPA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 39 of the First Amended Complaint.

**COMPLAINT ¶40:**

In or around June of 2022, Plaintiff Jacqueline Garrison applied for a job with Defendants as a Ramp Service Employee in Chicago, Illinois.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 40 of the First Amended Complaint.

**COMPLAINT ¶41:**

During the application process, Plaintiff Garrison communicated directly with Defendants' United Airlines Talent Acquisition Team located in Chicago, Illinois.

**ANSWER:**

Defendants admit that Plaintiff Garrison communicated with members of the United Talent Acquisition team. Defendants deny the remaining allegations contained in Paragraph 41 of the First Amended Complaint.

**COMPLAINT ¶42:**

As part of the application and hiring process, and as a precondition of employment, Defendants required Plaintiff Garrison to submit to a physical examination in Chicago, Illinois.

**ANSWER:**

Defendants admit that Plaintiff Garrison underwent certain physical examinations as part

of the application process. Defendant deny the remaining allegations contained in Paragraph 42 of

the First Amended Complaint.

**COMPLAINT ¶43:**

During the examinations, Defendants required Plaintiff Garrison to answer questions concerning her family medical history, *i.e.* the manifestation of diseases or disorders in her family members. Such questions included whether Plaintiff Garrison's family members had a history of cancer, heart disease, and other medical conditions.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 43 of the First Amended

Complaint.

**COMPLAINT ¶44:**

In response, Plaintiff Garrison disclosed her genetic information, including diseases and disorders with which her family members have been diagnosed. Plaintiff's answers were documented and collected in Illinois.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 44 of the First Amended

Complaint.

**COMPLAINT ¶45:**

Defendants then used this genetic information, and denied Plaintiff Garrison employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 45 of the First Amended

Complaint.

**COMPLAINT ¶46:**

Thus, Plaintiff Garrison's sensitive genetic information was solicited by Defendants as a condition of her employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 46 of the First Amended Complaint.

**COMPLAINT ¶47:**

Plaintiff Garrison was not advised by Defendants or anyone else acting on behalf of Defendants, either verbally or in writing, to not disclose the solicited genetic information. Nor did Plaintiff provide her genetic information in furtherance of a workplace wellness program.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 47 of the First Amended Complaint.

**COMPLAINT ¶48:**

By requiring Plaintiff Garrison to answer questions about her family medical history, Defendants directly or indirectly solicited, requested, purchased and/or required Plaintiff to disclose her genetic information in violation of GIPA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 48 of the First Amended Complaint.

**COMPLAINT ¶49:**

In or around October of 2021, Plaintiff Adriana De León applied for a job with Defendants and was hired for a position in Operations in Chicago, Illinois.

**ANSWER:**

Admitted.

**COMPLAINT ¶50:**

As part of the application and hiring process, as a precondition of employment, and in connection with Defendants' mandatory physical examination, Plaintiff De León was asked to

answer questions concerning her family medical history, i.e. the manifestation of diseases or disorders in her family members.

**ANSWER:**

Defendants admit that Plaintiff De León underwent certain physical examinations as part of the application process. Defendants deny the remaining allegations contained in Paragraph 50 of the First Amended Complaint.

**COMPLAINT ¶51:**

In response, Plaintiff De León disclosed her genetic information, including diseases and disorders with which her family members have been diagnosed. Plaintiff's answers were documented and collected in Illinois.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 51 of the First Amended Complaint.

**COMPLAINT ¶52:**

Thus, Plaintiff De León's sensitive genetic information was solicited by Defendants and obtained by Defendants as a condition of her employment.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 52 of the First Amended Complaint.

**COMPLAINT ¶53:**

Plaintiff De León was not advised by Defendants or anyone else acting on behalf of Defendants, either verbally or in writing, to not disclose the solicited genetic information. Nor did Plaintiff De León provide her genetic information in furtherance of a workplace wellness program.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 53 of the First Amended Complaint.

16

**COMPLAINT ¶54:**

By requiring Plaintiff De León to answer questions about her family medical history, Defendants directly or indirectly solicited, requested, purchased and/or required Plaintiff De León to disclose her genetic information in violation of GIPA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 54 of the First Amended Complaint.

**COMPLAINT ¶55:**

Pursuant to Fed. R. Civ. P. 23(b)(2) and (b)(3), Plaintiffs bring this action on their own behalf of and on behalf of a class (the "Class") and a subclass (the "Subclass") defined as follows:

The Class: All individuals who applied for employment with Defendants and from whom an employee or an agent of Defendants located in Illinois have requested and/or obtained family medical history or other genetic information according to Defendants' records within the applicable limitations period.

Subclass: All individuals who, while in Illinois, applied for employment with Defendants and from whom Defendants, or an agent acting on behalf of Defendants, have requested and/or obtained family medical history or other genetic information according to Defendants' records within the applicable limitations period.

**ANSWER:**

Defendants admit that Plaintiffs purport to bring this action on behalf of a putative class and subclass defined as noted. Defendants deny the remaining allegations contained in Paragraph 55 of the First Amended Complaint.

**COMPLAINT ¶56:**

Excluded from the Class and Subclass are any members of the judiciary assigned to preside over this matter; any officer or director of Defendants; and any immediate family member of such officers or directors.

**ANSWER:**

Defendants admit that Plaintiffs purport to bring this action on behalf of a putative class and subclass defined as noted. Defendants deny the remaining allegations contained in Paragraph 56 of the First Amended Complaint.

**COMPLAINT ¶57:**

Upon information and belief, there are thousands of members of the Class and Subclass, making the members of the Class and Subclass so numerous that joinder of all members is impracticable. Although the exact number of members of the Class and Subclass is currently unknown to Plaintiffs, the members can be easily identified through Defendants' records.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 57 of the First Amended Complaint.

**COMPLAINT ¶58:**

Plaintiffs' claims are typical of the claims of the members of the Class and Subclass Plaintiffs seek to represent, because the factual and legal bases of Defendants' liability to Plaintiffs and the other members of the Class and Subclass are the same, and because Defendants' conduct has resulted in similar violations to Plaintiffs and to the Class and Subclass. As alleged herein, Plaintiffs and the Class and Subclass have all been aggrieved by Defendants' GIPA violations.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 58 of the First Amended Complaint.

**COMPLAINT ¶59:**

There are many questions of law and fact common to the claims of Plaintiffs and the Class and Subclass, and those questions predominate over any questions that may affect individual members. Common questions for the Class and Subclass include, but are not limited to, the following:

    a.     Whether Defendants' conduct is subject to GIPA;

    b.     Whether Defendants directly or indirectly solicited Plaintiffs' and the other Class and Subclass members' genetic information as a condition of employment or through their preemployment application in violation of 410 ILCS 513/25(c)(1);

    c.     Whether Defendants' violations of GIPA were negligent;

    d.     Whether Defendants' violations of GIPA were reckless or intentional; and

    e.     Whether Plaintiffs and the Class and Subclass are entitled to damages and injunctive relief.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 59 of the First Amended Complaint.

**COMPLAINT ¶60:**

Absent a class action, most members of the Class and Subclass would find the cost of litigating their claims to be prohibitively expensive and would thus have no effective remedy. The class treatment of common questions of law and fact is superior to multiple individual actions in that it conserves the resources of the courts and the litigants and promotes consistency of adjudication.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 60 of the First Amended Complaint.

**COMPLAINT ¶61:**

Plaintiffs will adequately represent and protect the interests of the members of the Class and Subclass. Plaintiffs have retained counsel with substantial experience in prosecuting complex litigation and class actions. Plaintiffs and Plaintiffs' counsel are committed to vigorously prosecuting this action on behalf of the other members of the Class and Subclass and have the financial resources to do so. Neither Plaintiffs nor Plaintiffs' counsel have any interest adverse to those of the other members of the Class and Subclass.

**ANSWER:**

Defendants deny that Plaintiffs will adequately represent and protect the interests of the members of the Class and Subclass. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 61 of the First Amended Complaint.

**COMPLAINT ¶62:**

Defendants have acted and failed to act on grounds generally applicable to Plaintiffs and the other members of the Class and Subclass, requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the members of the Class and Subclass and making injunctive or corresponding declaratory relief appropriate for the Class and Subclass as a whole.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 62 of the First Amended Complaint.

**COUNT I**
**Violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/1, *et seq.***
**(On behalf of Plaintiffs and the Class)**

**COMPLAINT ¶63:**

Plaintiffs incorporates [sic] the foregoing allegations as if fully set forth herein.

**ANSWER:**

Defendants restate their respective answers to each of the foregoing allegations as if fully set forth herein.

**COMPLAINT ¶64:**

Defendants are companies that employ individuals within the state of Illinois and therefore meet the definition of an "employer" under GIPA. 410 ILCS 513/10.

**ANSWER:**

Defendants admit that United is an employer that employs individuals within the state of Illinois. Defendants deny the remaining allegations contained in Paragraph 64 of the First Amended Complaint.

**COMPLAINT ¶65:**

GIPA defines "genetic information" by reference to HIPAA as specified in 45 C.F.R. § 160.103 to include the manifestation of a disease or disorder in family members of an individual.

**ANSWER:**

The statement contained in Paragraph 65 of the First Amended Complaint is a legal argument that is not specifically directed against Defendants and therefore no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to cite GIPA, which speaks for itself and is the best evidence of its contents. To the extent that the statements contained

in Paragraph 65 of the First Amended Complaint are inconsistent with or mischaracterize the law, Defendants deny those allegations. Defendants deny any remaining allegations contained in Paragraph 65 of the First Amended Complaint.

## COMPLAINT ¶66:

Under GIPA, an employer shall not directly or indirectly solicit, request, require or purchase genetic information of a person or a family member of the person as a condition of employment or as part of any preemployment application.. 410 ILCS 513/25(c)(1).

## ANSWER:

The statement contained in Paragraph 66 of the First Amended Complaint is a legal argument that is not specifically directed against Defendants and therefore no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to cite GIPA, which speaks for itself and is the best evidence of its contents. To the extent that the statements contained in Paragraph 66 of the First Amended Complaint are inconsistent with or mischaracterize the law, Defendants deny those allegations. Defendants deny any remaining allegations contained in Paragraph 66 of the First Amended Complaint.

## COMPLAINT ¶67:

As a precondition of their employment with Defendants, Plaintiffs and the Class and Subclass were required to undergo a rigorous application process, including telephonic conversations and/or physical exams, during which Defendants required them to answer questions regarding their family medical history, *i.e.* the manifestation of a disease or disorder in family members. In other words, Defendants directly or indirectly solicited, requested, purchased and required Plaintiffs and the members of the Class and Subclass to disclose their genetic information.

## ANSWER:

Defendants deny the allegations contained in Paragraph 67 of the First Amended Complaint.

**COMPLAINT ¶68:**

Defendants' practice of requiring prospective employees to provide such genetic information originated at Defendants' headquarters in Illinois, and Defendants further collected and aggregated such genetic information at their headquarters in Illinois.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 68 of the First Amended Complaint.

**COMPLAINT ¶69:**

Plaintiffs and the Class and Subclass also provided accompanying personal identifying information, including their full names, home addresses, date of birth, Social Security information and gender to Defendants as part of their employment applications.

**ANSWER:**

Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of the First Amended Complaint.

**COMPLAINT ¶70:**

The information obtained from Plaintiffs and the Class and Subclass by Defendants is the type of information protected by GIPA. 410 ILCS 513/10.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 70 of the First Amended Complaint.

**COMPLAINT ¶71:**

Defendants failed to advise Plaintiffs and the other Class and Subclass members, either verbally or in writing, of their statutorily protected right under GIPA to not provide their family medical history or genetic information.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 71 of the First Amended Complaint.

**COMPLAINT ¶72:**

Plaintiff and the other Class and Subclass members have been aggrieved by Defendants' above violations of their statutorily protected rights to privacy in their genetic information as set forth in GIPA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 72 of the First Amended Complaint.

**COMPLAINT ¶73:**

GIPA provides for statutory damages of $15,000 for each reckless or intentional violation of GIPA and, alternatively, damages of $2,500 for each negligent violation of GIPA. 410 ILCS 513/40(a)(3).

**ANSWER:**

The statements contained in Paragraph 73 of the First Amended Complaint are legal arguments that are not specifically directed against Defendants and therefore no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport to cite GIPA, which speaks for itself and is the best evidence of its contents. To the extent that the statements contained in Paragraph 73 of the First Amended Complaint are inconsistent with or mischaracterize the law, Defendants deny those allegations. Defendants deny any remaining allegations contained in Paragraph 73 of the First Amended Complaint..

**COMPLAINT ¶74:**

Defendants' violations of GIPA, a statute that has been in effect since 1998, were knowing and willful, or were at least in reckless disregard of the statutory requirements. Alternatively, Defendants negligently failed to comply with GIPA.

**ANSWER:**

Defendants deny the allegations contained in Paragraph 74 of the First Amended Complaint.

## AFFIRMATIVE AND OTHER DEFENSES

Defendants asserts the following defenses without assuming any burdens of production or proof that, pursuant to law, belong to Plaintiffs. Defendants reserve the right to amend their answer and to assert any additional affirmative or other defenses as may become available or apparent during the course of this litigation.

1.    UAH should be dismissed from this action because it is not an employer as defined under GIPA.

2.    Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted.

3.    Defendant United's alleged actions involving Plaintiffs and the putative class and subclass were solely based on legitimate non-discriminatory reasons.

4.    To the extent that Plaintiffs and the putative class and subclass allege that any of United's employees, agents, or vendors acted in an unlawful manner, such conduct, if it occurred, was outside the scope of that individual's employment or contractual relationship with United and was undertaken without the knowledge or consent of United. Thus, Defendants are not liable for any such conduct, if it occurred.

5.    Plaintiffs and the putative class and subclass cannot sustain their claims because United exercised reasonable care to create, implement, and maintain policies and practices to facilitate full compliance with applicable federal, state, and local laws.

6.    The claims asserted by Plaintiffs and the putative class and subclass are, in whole or in part, are barred by the applicable doctrines of waiver, laches, estoppel, and unclean hands.

7.    Claims for damages asserted in this First Amended Complaint are barred in whole or in part by the Due Process Clause of the United States Constitution. Plaintiffs and the putative

class and subclass members have not suffered any harm as a result of the conduct alleged. The statutory damages potentially available under GIPA are grossly excessive and disproportionate in light of the absence of any injury or harm to Plaintiffs and the alleged putative class and subclass members, and therefore any award of statutory damages would violate Defendants' due process rights.

8.      To the extent Plaintiffs have stated a claim on which relief may be granted, Plaintiffs have proximately caused, contributed to, or failed to mitigate any and all losses that they claim.

9.      The claims in the First Amended Complaint, or a portion of them, if any, are barred because any damages incurred were caused by intervening or superseding causes, and not as a result of any action or omission of Defendants. Such intervening or superseding causes include but are not limited to any actions or omissions by third parties.

10.      Plaintiffs' prayer for relief is barred in whole or in part because the recovery of statutory damages would not be a reasonable estimate of actual damages. Instead, such recovery amounts to a disparate penalty, akin to punitive damages for strict liability, and should be deemed unenforceable.

11.      The claims in the First Amended Complaint are barred, in whole or in part, to the extent they are or become moot as to Plaintiffs and some or all purported class and subclass members. Settlements or dispositive rulings in overlapping GIPA actions may moot the claims at issue here.

12.      The claims in the First Amended Complaint are barred in whole or in part because any alleged direct or indirect request for genetic information falls within GIPA's inadvertence exception. 410 ILCS 513/25(g).

13. The claims in the First Amended Complaint are barred in whole or in part because any alleged, inadvertently requested or received genetic information was treated "in a manner that is consistent with the requirements of federal law, including but not limited to the Genetic Information Nondiscrimination Act of 2008, the Americans with Disabilities Act, Title VII of the Civil Rights Act of 1964, the Family and Medical Leave Act of 1993, the Occupational Safety and Health Act of 1970, the Federal Mine Safety and Health Act of 1977, or the Atomic Energy Act of 1954." 410 ILCS 513/25(a).

14. The First Amended Complaint's claims for damages (and certain categories of damages, and the amounts thereof recoverable) are limited by the applicable limits on statutory damages, including but not limited to those limits set forth in GIPA.

15. Plaintiffs and the alleged putative class and subclass may be barred, in whole or in part, from recovery of damages as alleged and prayed for in the First Amended Complaint by the after-acquired evidence doctrine.

16. Plaintiffs are not entitled to proceed on behalf of the putative class and subclass members, nor are they entitled to certification of this action as a class action because they cannot satisfy the requirements of Federal Rule of Civil Procedure 23.

17. Injunctive relief is barred because Plaintiffs and the members of the alleged putative class and subclass have not suffered irreparable harm and there is no real or immediate threat of injury.

18. Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations to the extent Plaintiffs bring claims under GIPA based on conduct that occurred more than five years prior to the initiation of this action.

19.     Plaintiffs' claims are barred, in whole or in part, because GIPA including but not limited to the statute's definitions of "genetic testing" and "genetic information" is vague in violation of the United States and Illinois Constitutions.

**DATED: July 29, 2024**

Respectfully submitted,

United Airlines, Inc. and
United Airlines Holdings, Inc.


By: */s/ Ada W. Dolph*
     One of Their Attorneys

---

Ada W. Dolph
adolph@seyfarth.com
Paul Yovanic, Jr.
PYovanic@seyfarth.com
Ala Salameh
asalameh@seyfarth.com

SEYFARTH SHAW LLP
233 South Wacker Drive
Suite 8000
Chicago, Illinois  60606-6448
Telephone:     (312) 460-5000
Facsimile:     (312) 460-7000

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that a copy of the foregoing was filed with the Court's electronic case filing system (ECF) on July 29, 2024, which caused an electronic copy of this document to be served on all counsel of record in this matter who have registered for ECF service.

*/s/ Ada Dolph*