IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GINNIE MCKNIGHT, JACQUELINE GARRISON, and ADRIANA DE LEÓN, individually and on behalf of similarly situated individuals,<br><br>*Plaintiffs*,<br><br>v.<br><br>UNITED AIRLINES, INC., a Delaware corporation, and UNITED AIRLINES HOLDINGS, INC., a Delaware corporation,<br><br>*Defendants.* | Case No. 1:23-cv-16118<br><br>Hon. Georgia N. Alexakis<br><br>Magistrate Hon. Jeffrey T. Gilbert |

**PLAINTIFFS' OPPOSED MOTION
TO EXTEND FACT DISCOVERY DEADLINE**

Plaintiffs Ginnie McKnight, Jacqueline Garrison, and Adriana De León, pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, hereby move this Honorable Court for a limited extension of the fact discovery deadline set forth in the November 14, 2024 Scheduling Order (Dkt. 52) until September 25, 2025 to allow Plaintiffs to conduct necessary noticed depositions and receive supplementation of outstanding document requests from Defendants, as set forth below. In support of their Motion, Plaintiffs state as follows:

**I.      FACTUAL BACKGROUND**

Plaintiff McKnight filed her original Class Action Complaint (Dkt. 1-1) in the Circuit Court of Cook County on October 16, 2023, alleging that Defendants directly or indirectly solicited Plaintiff's and the other Class members' genetic information as a condition of employment or their preemployment application in violation of the Illinois Genetic Information Privacy Act, 410 ILCS 513/25(c)(1) ("GIPA"). On January 8, 2024, Plaintiffs filed their First Amended Class

Action Complaint (the "Complaint"). (Dkt. 17). On February 9, 2024, Defendants filed their Motion to Dismiss Plaintiffs' Complaint. (Dkts. 27, 28.) The Parties fully briefed Defendants' Motion to Dismiss, which the Court denied on July 16, 2024. (Dkt. 37.) Subsequently, Defendants filed their Answer on July 29, 2024 (Dkt. 38), and the Court referred this case to Magistrate Judge Gilbert for all discovery scheduling and supervision. (Dkts. 43, 44). On November 14, 2024, this Court entered the case schedule setting a fact discovery deadline of July 25, 2025, a deadline for initial expert reports of July 31, 2025, including any expert rebuttals by October 3, 2025 and completion of any expert depositions by November 15, 2025. (Dkt. 52.).

The Parties' subsequently began to conduct discovery, with Plaintiffs serving their first set of discovery requests on September 13, 2024. (See Declaration of Andrew Heldut, attached hereto as Exhibit A, at ¶ 2.) Defendants subsequently provided responsive documents on November 26, 2024. (*Id.* at ¶ 3.) After reviewing Defendants' document production, Plaintiffs engaged in meet-and-confer efforts regarding the produced discovery and holding a meet-and-confer conference on December 19, 2024, to which Defendants did not yet fully respond with responsive documents. (*Id.* at ¶¶ 4, 8, 9, 12, 14.) Following Plaintiff Garrison's deposition, Plaintiffs also served their second set of discovery requests to Defendants on February 18, 2025, to which Defendants responded on March 27, 2025. (*Id.* at ¶ 5.)

Throughout discovery, Defendants have insisted that Plaintiffs should be deposed first before agreeing to schedule any third-party or 30(b)(6) depositions of Defendants (see e.g., January 10, 2025 Joint Status Report, Dkt. 59, "We will work with Plaintiffs' counsel to schedule additional depositions provided, as previously discussed with the Court, all Plaintiff depositions occur first."; see also Tr. of Proceedings on April 23, 2025 at 4:25-5:3, attached hereto as Exhibit B, "The one

2

point I [Defendants' counsel] would make is that we have discussed in the past that it makes sense to have all plaintiffs deposed before we launch into corporate depositions and the like").

Plaintiffs served their notices of depositions of Defendants pursuant to 30(b)(6) and of Defendants' third-party medical provider, DataFit, on April 22, 2025. (Heldut Decl., at ¶ 6.) After communicating with counsel for DataFit, the deposition of DataFit was scheduled for June 13, 2025. (*Id*. at ¶ 7.) However, on June 4, 2025, Plaintiffs were informed that DataFit decided to go in a different direction with their legal counsel and the June 13 deposition was unilaterally cancelled. (*Id*.) On June 17, 2025, newly-retained counsel for DataFit agreed to produce a corporate representative and the deposition of DataFit was completed on July 2, 2025. (*Id*. at ¶ 10.) Subsequently, Defendants agreed to produce a corporate representative and Plaintiffs deposed Defendants' 30(b)(6) witness on July 17, 2025, (*id*. at ¶ 11), and based on her testimony, Plaintiffs issued three new notices of depositions pursuant to 30(b)(1) and reiterated their request for outstanding documents that were already put at issue by Plaintiffs in a meet-and-confer conference on December 19, 2024, which amongst other relevant documents, includes identifying the remaining putative class members necessary for Plaintiffs' forthcoming class certification motion. (*Id*. at ¶ 12, 13, 11; see also Ex. 1 attached to the Heldut Decl.)

Plaintiffs now seek an extension of the fact discovery deadline to complete three additional depositions of Defendants and receive the outstanding documents from them in preparation for Plaintiffs' forthcoming motion for class certification and motion for summary judgment.

II. <u>**LEGAL STANDARD**</u>

Pursuant to Rule 16(b) a Court's scheduling order may be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b). The "diligence of the party" seeking to extend discovery deadlines is the "primary inquiry" in the Seventh Circuit. *King v. Evans*, No. 13-cv-

1937, 2016 WL 11716800, at *1 (N.D. Ill. Aug. 9, 2016); B*ridgeport Pain Control Ctr., Ltd. v. Cutera, Inc.*, No. 08-cv-1116, 2009 WL 510888, at *1 (N.D. Ill. Feb. 26, 2009); *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011) ("In making a Rule 16 (b) good-cause determination, the primary consideration for district courts is the diligence of the party seeking amendment.") Good cause can also be found where the "party promptly moves to amend . . . after learning facts which provide the basis for the amendment." *Bridgeport Pain Control,* 2009 WL 510888, at *1. Good cause has been shown where the plaintiff moved within one month of learning the relevant facts. See *Downing v. Abbott Lab'ys*, No. 15-cv-05921, 2017 WL 4535973, at *4 (N.D. Ill. Oct. 11, 2017) (citing *Triteq Lock & Sec. LLC v. Innovative Secured Sols., LLC*, No. 10-cv-1304, 2011 WL 3203303, at *2 (N.D. Ill. July 21, 2011)).

### III.  ARGUMENT

#### A.  Plaintiffs have Demonstrated Good Cause for a Brief Extension of the Fact Discovery Deadline.

As demonstrated by the above, Plaintiffs meet the "good cause" standard under Rule 16(b) for a modification of this Court's scheduling order. Specifically, Plaintiffs have been diligent in pursuing discovery and have issued discovery requests and scheduled depositions as soon as practicable. Indeed, to the extent that there has been any delay in completing discovery, it has also been due to the delay in production of documents since December 19, 2024 by Defendants and the production of witnesses by Defendants through their discovery phasing efforts, which prohibited Plaintiffs from deposing all the remaining witnesses earlier and by the July 25, 2025 fact discovery deadline. Although the scheduling of Plaintiffs' depositions may have also added to this delay, Plaintiff Garrison was already deposed on January 31, 2025 and Defendants continuously insisted that the remaining Plaintiffs must be deposed first before Plaintiffs may proceed with their own depositions. See, e.g., Jan. 10, 2025 Joint Status Report, Dkt. 59, "We will work with Plaintiffs'

4

counsel to schedule additional depositions provided, as previously discussed with the Court, all Plaintiff depositions occur first."; see also Tr. of Proceedings on April 23, 2025 at 4:25-5:3, Ex. B, "The one point I [Defendants' counsel] would make is that we have discussed in the past that it makes sense to have all plaintiffs deposed before we launch into corporate depositions and the like".

Furthermore, Plaintiffs have not been dilatory in moving for the requested extension. Plaintiffs just recently deposed Defendants' corporate representative on July 17, 2025 during which the corporate representative, for example, could not testify as to Defendants' recruiting practices – practices which are also at issue in this case because Defendants' pre-employment processes are related to Plaintiffs' allegations that their genetic information was unlawfully required in violation of the GIPA. (*Id*. at ¶ 11). Furthermore, Defendants' witness also confirmed certain persons that have additional and important information for such pre-employment processes, (*id*.), and thus are crucial witnesses that have necessary information required for Plaintiffs' forthcoming summary judgment briefing. Indeed, Plaintiffs issued their notices for depositions on July 22, 2025, within three business days after Defendant's 30(b)(6) deposition.

Similarly, as in *King v. Evans*, the extension Plaintiffs are seeking is for very limited purposes and not a broad request to extend all discovery deadlines and issue an unknown amount of additional discovery. 2016 WL 11716800, at *2 (granting the plaintiff's motion to reopen discovery "for limited purpose" or deposing one additional witness). Specifically, Plaintiffs' proposed further discovery would concern the merits of Plaintiffs' claims, and would not require an extension of the expert discovery deadlines. Indeed, Plaintiffs already produced their expert report to Defendants on May 13, 2025, well before the July 31, 2025 deadline contemplated by the current scheduling order. (Dkt. 52).

5

At the last status hearing, it appeared the Parties were on track to meet the July 25, 2025 fact discovery deadline, but because of the unanticipated delays with the DataFit deposition, which also added to the delay with Defendants' 30(b)(6) deposition, and Defendants' outstanding document production deficiencies, an additional two months is appropriate. *See* Tr. of Proceedings on April 23, 2025 at 5:6-8, Ex. B (The Court: "We have a July 25th fact discovery close which, if we keep moving, shouldn't be a problem, I don't think. Okay.")

In sum, Plaintiffs have been diligent in prosecuting this matter and seek a limited extension of the fact discovery deadline for a limited purpose, including to finally receive the documents sought by Plaintiffs since December 2024 and deposing the witnesses mentioned during Defendants' 30(b)(6) deposition on July 17, 2025, and without impacting any other case deadlines.

**B.    Defendant's Proposed Sequencing is Less Efficient for the Litigants and the Court.**

When Plaintiffs conferred with Defendants' counsel regarding the brief extension requested herein, Defendants responded that they opposed Plaintiffs' request and would seek to stay discovery on class certification and brief summary judgment. (Heldut Decl., at ¶ 14, Exh 1). But this course of action is inefficient for several reasons.

Firstly, a motion to stay class discovery is unnecessary. Class discovery is finished, and Plaintiffs are prepared to move for class certification in short order.[1] The Federal Rules state that courts "must" determine whether to certify actions as class actions at "an early practicable time after a person sues or is sued as a class representative." Fed. R. Civ. P. 23(c)(1)(A). Now is that

---

[1] The only item of class discovery that remains even somewhat outstanding is Defendants' production of a complete class list. While Defendants produced a class list in discovery, that class list was generated pursuant to an incorrect time frame, (i.e. the time frame stretched back to 2021 rather than 2018, which is the statute of limitations). Plaintiffs have raised this issue numerous times with Defendants' counsel and have been largely ignored. (Heldut Decl., at ¶¶ 4, 8, 9, 12, 14). However, Plaintiffs will move for class certification prior to formal production of the entire list, as it is evident from oral testimony that such list can be easily produced following class certification.

time. Accordingly, there is no benefit to be gained (by the litigants or the Court) in staying class discovery because Plaintiffs, who carry the burden at class certification, are preparing to move for such.

Secondly, though Defendants note that they intend to brief summary judgment, Plaintiffs intend to cross-move. The Court should thus rule on class certification first, giving due deference to the rule against one-way intervention. "The rule against one-way intervention prevents plaintiffs from moving for class certification after acquiring a favorable ruling on the merits of a claim." *Wood v. Security Credit Services, LLC*, 583 F.Supp.3d 1137, 1142 (N.D. Ill., 2022) (quoting *Costello v. BeavEx, Inc.*, 810 F.3d 1045, 1058 (7th Cir., 2016)). Moreover, though Plaintiffs already produced their expert report to Defendants on May 13, 2025, well before the July 31, 2025 deadline contemplated by the current scheduling order, Defendants have not. Nor have Defendants indicated whether they intend to identify an expert. Accordingly, at a minimum, it seems likely that expert discovery with respect to Plaintiffs' expert will need to occur in advance of summary judgment briefing.

Taken together, it makes little sense for the Parties to conduct expert discovery so that the Court can address the merits of this case in considering Defendant's motion for summary judgment first, then consider Plaintiffs' motion for class certification, and *then* address the merits again pursuant to Plaintiffs' motion for summary judgment.

The more efficient course of action (and the one supported by the federal rules and case law regarding the rule against one-way intervention) is to consider Plaintiffs' forthcoming motion for class certification, then address the merits at summary judgment all at once.

## IV. CONCLUSION

WHEREFORE, Plaintiffs Ginnie McKnight, Jacqueline Garrison, and Adriana De León respectfully requests that the Court enter an Order: (i) extending the fact discovery date by 60 days until September 25, 2025, and (ii) for such other relief the Court deems equitable and just.

Dated: July 24, 2025

Respectfully submitted,

GINNIE MCKNIGHT, JACQUELINE GARRISON and ADRIANA DE LEÓN, individually and on behalf of similarly situated individuals,

By: /s/ Andrew T. Heldut
One of Plaintiffs' Attorneys

Evan M. Meyers
Andrew T. Heldut
Brendan Duffner
McGuire Law, P.C.
55 W. Wacker Dr., 9th Fl.
Chicago, IL 60601
Tel: (312) 893-7002
Fax: (312) 275-7895
emeyers@mcgpc.com
aheldut@mcgpc.com
bduffner@mcgpc.com

*Attorneys for Plaintiffs and the putative class and subclass members*

**CERTIFICATE OF SERVICE**

  I hereby certify that, on July 24, 2025, a copy of *Plaintiffs' Opposed Motion to Extend Fact Discovery Deadline* was filed electronically with the Clerk of Court, with a copy sent by Electronic Mail to all counsel of record.

                 /s/  Andrew T. Heldut